IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE NICHOLAS, individually, EUGENE NICHOLAS and HEIDI L. WORDEN jointly d/b/a Nicholas Farms, HEIDI L. WORDEN, individually and d/b/a Kuyahoora Valley Acres, LYNN R. HOTTLE, individually, LYNN R. HOTTLE d/b/a Hottle Livestock, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL J. ROGERS d/b/a Rogers Farms, MICHAEL J. ROGERS, WENDY M. ROGERS <br><br> Defendants. | No. 4:18-CV-01630 <br><br> (Chief Judge Brann) |

MEMORANDUM OPINION

JANUARY 31, 2023

Plaintiff Heidi L. Worden, on her own behalf and on behalf of Kuyahoora Valley Acres moves for a default judgment against Defendant Michael Rogers. Worden and Rogers entered into a loan agreement. Rogers failed to repay the loan. Worden sued for breach of contract and Rogers has not appeared in this matter or otherwise attempted to oppose Worden's claim. Therefore, the Court will grant Worden's motion.

I.   BACKGROUND

Plaintiffs and Defendants are individuals and entities who deal in livestock.[1] On March 13, 2017, Worden loaned Michael Rogers $250,000 to be repaid by March 12,

---

[1]   Compl., Doc. 1 ¶¶ 1-15.

2018.[2] The interest rate was left to be determined at a later date.[3] Rogers failed to repay the loan.[4]

In August 2018, Worden sued Rogers, claiming he breached the loan agreement (Count VII).[5] To date, Rogers has not appeared in this action and has failed to respond to the Complaint.[6] Plaintiffs obtained the entry of default against Rogers in September 2018.[7] Worden, on her own behalf and on behalf of Kuyahoora Valley Acres, now seeks a default judgment against Rogers for the loan balance and prejudgment interest at the statutory rate of six percent.[8] Including interest, she calculates the total amount of her damages to be $310,499.20.[9]

## II.  DISCUSSION

Federal Rule of Civil Procedure 55 allows the District Court to enter default judgment upon application by a party. "Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment."[10] "This element of discretion makes it clear that the

---

[2]  *Id.* ¶¶ 16-18; Loan Agreement, Doc. 1-1.
[3]  Loan Agreement, Doc. 1-1.
[4]  Compl., Doc. 1 ¶ 19.
[5]  *Id.* ¶¶ 85-92. The Complaint also contains several other counts related to livestock sales not relevant here.
[6]  Decl. of James C. Clark, Counsel for Plaintiffs, Doc. 14-1 ¶¶ 4-7, 10.
[7]  *Id.* ¶ 8; Default, Doc. 8.
[8]  Clark Decl., Doc. 14-1 ¶¶ 12-15.
[9]  *Id.* ¶ 15.
[10] *Kibbie v. BP/Citibank*, 2010 WL 2573845 at *2 (M.D. Pa. June 23, 2010).

party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)."[11]

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."[12] "But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c)."[13] In cases where the defendants fail to appear, courts may enter default judgment "based solely on the fact that the default has occurred."[14]

Consideration of those factors favors a grant of default judgment here. First, Worden and Kuyahoora Valley would be prejudiced by Worden's "current inability to proceed with [her] action due to [Roger's] failure to defend."[15] Rogers' decision to not respond to the Complaint would otherwise prevent Worden from recovering any damages for her claim. Similarly, the second factor weighs in favor of default judgment. "[Rogers] has not responded to the allegations and, thereby, has failed to assert a

---

[11] 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2685 (Apr. 2020 Update).
[12] *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).
[13] *Deutsche Bank Nat. Trust Co. v. Strunz*, 2013 WL 122644 at *1 (M.D. Pa. Jan. 9, 2013).
[14] *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir.1990).
[15] *Broadcast Music, Inc. v. Kujo Long, LLC*, 2014 WL 4059711 at *2 (M.D. Pa. Aug. 14, 2014).

defense."[16] Finally, there does not appear to be any excuse for Roger's failure to respond to Worden's breach-of-contract claim. Rogers was served with the Complaint but has yet to respond.[17] Because he has offered no explanation for his failure to respond, the Court finds that he is culpable.[18] Therefore, the Court finds that default judgment is appropriate given the circumstances.

However, a finding that default judgment is warranted "is not the end of the inquiry."[19] The Court must further consider whether the "unchallenged facts constitute a legitimate cause of action."[20] Although defaulting parties do not concede conclusions of law, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[21] The relevant claim here is Count VII of Plaintiffs' Complaint, which alleges a breach of the loan agreement between Rogers and Worden.[22] The Court will therefore consider whether the allegations in the counterclaim, taken as true, adequately state a claim against Rogers for breach of contract.

"The necessary material facts that must be alleged for such an action are simple: there was a contract, the defendant breached it, and plaintiffs suffered damages from

---

[16] *Pesotski*, 2017 WL 3310951 at *3.
[17] Docs. 4, 5, 6.
[18] *See Laborers Local Union 158 v. Shaffer*, 2011 WL 1397107 (M.D. Pa. Apr. 13, 2011).
[19] *Martin v. Nat'l Check Recovery Servs., LLC*, 2016 WL 3670849 at *1 (M.D. Pa. July 11, 2016).
[20] *Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537, 541 (E.D. Pa. 2008).
[21] *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).
[22] Compl., Doc. 1 ¶¶ 84-92.

the breach."²³ Worden has done just that. She alleged the existence of a contract for a loan and Rogers' failure to repay the loan per its terms.²⁴ The loan agreement itself, which was attached to the Complaint, serves to establish the damages in the form of unpaid principal.²⁵ Worden then uses the statutory rate of interest, which results in the total she claims, $310,499.20.²⁶ The Court finds her evidence sufficient and agrees with her calculation of damages. Therefore, she has adequately stated a breach-of-contract claim. She is accordingly entitled to a default judgment.

### III.  CONCLUSION

For the foregoing reasons, the Court grants Worden's motion for a default judgment.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

23  *McShea v. City of Philadelphia*, 995 A.2d 334, 340 (Pa. 2010) (citing *Hart v. Arnold*, 884 A.2d 316, 332 (Pa. Super. 2005)).
24  *See* Compl., Doc. 1 ¶¶ 16-19.
25  Loan Agreement, Doc. 1-1.
26  Clark Decl., Doc. 14-1 ¶¶ 14-15.